UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSSEIN AFIF MZANNAR;<br>  875 N. Gulley Road<br>  Dearborn Heights, MI 48127<br><br>TAGHREED MZANNAR;<br>  Almamoora Flr 5<br>  Beirut, Lebanon<br><br>           Plaintiff(s)<br><br>           v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State;<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br>IAN G. BROWNLEE, in his official capacity, Acting Assistant Secretary, Bureau of Consular Affairs;<br>DOROTHY C. SHEA, in her official capacity, Ambassador, United States Embassy, Beirut, Lebanon;<br>JOHN DOE, in his official capacity, Consular Officer, U.S. Embassy, Beirut, Lebanon;<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br><br>           Defendant(s). | Civil Action No **1:21-cv-2358** |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

1

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW HUSSEIN AFIF MZANNAR (hereinafter "HUSSEIN" or collectively "Plaintiffs") and TAGHREED MZANNAR (hereinafter "TAGHREED" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Defendants' failure to adjudicate TAGHREED's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time; a period of three years has passed since the immigrant visa interview has taken place and Defendant's have yet to provide a final adjudication. Plaintiffs have a clear right to adjudication of TAGHREED's Application in a timely manner. The final adjudication of her Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

3.      Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter. Further, the interview of TAGHREED took place in 2018, much prior to even the beginnings of COVID-19.

## PARTIES

4.     Plaintiff HUSSEIN is a resident of Wayne County, Michigan, and a U.S. Citizen. He is the spouse of TAGHREED and the petitioner of an approved I-130 allowing beneficiary qualification for an immigrant visa to be issued for TAGHREED.

5.     Plaintiff TAGHREED is a citizen of Lebanon and the beneficiary of an approved I-130 by virtue of her relationship to her spouse, HUSSEIN. TAGHREED is also the immigrant visa applicant in this matter.

6.     Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

7.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

8.     Defendant IAN G. BROWNLEE is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

9.     Defendant DOROTHY C. SHEA is the Ambassador of the United States Embassy in Beirut, Lebanon. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

10. Defendant John DOE is a Consular Officer at the United States Embassy in Beirut, Lebanon. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13. The Plaintiffs have repeatedly requested the Defendants to make a final decision on TAGHREED's Application. Further, Plaintiffs have initiated numerous inquiries with the United States Embassy in Beirut, Lebanon without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the United States Embassy in Beirut, Lebanon with documents that establish Plaintiff TAGHREED's eligibility to receive an immigrant visa to come to the U.S. as a permanent resident.

14. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15. On August 27, 2014, Plaintiff TAGHREED became the beneficiary of an approved I-130 (Receipt# MSC-13-916-21095), Petition for Alien Relative. She continues to qualify as a beneficiary based on her marriage to the Plaintiff, HUSSEIN.

16. On August 2, 2018, Plaintiff TAGHREED appeared for her immigrant visa interview with the United States Embassy in Beirut, Lebanon [NVC CASE# BRT 2014 75 9005]. **[EXHIBIT A].**

17. On August 2, 2018, after conducting the interview, Officer JOHN DOE notified Plaintiff TAGHREED that her case required additional administrative processing.

18. Since attending the August 2, 2018 interview, the United States Embassy in Beirut, Lebanon has made no further requests for information or evidence.

19. Since filing TAGHREED's response, by themselves as well as their legal counsel, Plaintiffs have made numerous requests with the United States Embassy in Beirut, Lebanon to adjudicate Plaintiff TAGHREED's Application.

20. Plaintiffs' inquiries have resulted in continuous responses from the U.S. Embassy in Beirut, Lebanon stating that the Plaintiffs' Applications were undergoing administrative processing and could take several weeks.

21. Plaintiff TAGHREED's Application now continues to be in an administrative processing status with the United States Embassy in Beirut, Lebanon for over three years.

22. The Department of State, and the U.S. Embassy in Beirut, Lebanon refuse to allege an average processing time for Immigrant Visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over three years of processing time.

23. Plaintiffs have endured significant financial, emotional, and medical hardships as a result of the unreasonable period of time that TAGHREED's case has been in administrative processing.

24. TAGHREED has been forced to live without her husband and four children for over three years.

## VIOLATION OF THE APA

25. All prior paragraphs are re-alleged as if fully stated herein.

26. Plaintiffs have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

27. Defendants have a duty to adjudicate TAGHREED's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

28. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

29. No other adequate remedy is available to Plaintiffs.

30. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Application.

31. Given the Defendants' lack of a reason for not making a decision on TAGHREED's Application for over three years, TAGHREED's Application has been pending for an unreasonably long period of time.

32. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

33. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on TAGHREED's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to TAGHREED's case.

34.     Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff HUSSEIN's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate TAGHREED 's Application, thereby depriving Plaintiffs' of the rights to which they are entitled.

35.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate TAGHREED's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate TAGHREED's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  September 3, 2021                    Respectfully submitted,

                                                     /s Hashim G. Jeelani
                                            **Hashim G. Jeelani, Esq. (MI0081)**
                                            **JEELANI LAW FIRM, PLC**
                                            **28411 Northwestern Hwy, Suite 875**
                                            **Southfield, MI 48034**
                                            **hashim@jeelani-law.com**
                                            **Phone:(248) 850-7841**
                                            **Fax:(312) 767-9030**
                                            *Counsel for Plaintiffs*